UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE :

JOHN ANDREW JACKSON, and
JULIE RUTH JACKSON
    Debtors.
_____/

Chapter 7
Case No. 13-43032
Hon. Walter Shapero

DENGENSHA AMERICA CORP.
    Plaintiff,

v.

JOHN A. JACKSON
    Defendant.
_____/

Adv. Pro. 13-04540

## OPINION DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### BACKGROUND

Dengensha America Corp. ("Plaintiff") sold industrial equipment to Summit Automation, Inc. ("Summit"). Pursuant to their agreement, Summit initially paid to Plaintiff half the cost of the equipment as required, leaving the remaining half payable at some later date. After having received the equipment, Summit went out of business without paying the balance and Plaintiff has been unsuccessful in obtaining it. Plaintiff now alleges that debtor John A. Jackson ("Defendant"), who was Summit's principal officer, failed to disclose that Summit was insolvent, both initially when the sales contract was agreed to and when Summit accepted delivery. There remains a factual question as to whether Summit was indeed insolvent during the relevant time periods. Plaintiff brought this single-count adversary proceeding against Defendant pursuant to 11 U.S.C. § 523(a)(2)(A), alleging he committed false pretenses and should not be

discharged for this debt. Defendant moved for summary judgment. As noted in the Court's oral ruling at the April 3, 2014 hearing, because of the circumstances and the nature of the case, the motion was deemed timely filed and this is the opinion on the substance of the motion.

SUMMARY JUDGMENT STANDARD

Fed.R.Civ.P. 56 provides the statutory basis for summary judgment, and is made applicable to adversary proceedings via Fed.R.Bankr.P. 7056. "Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The initial burden is on the moving party to demonstrate that an essential element of the non-moving party's case is lacking." Kalamazoo River Study Group v. Rockwell Intern. Corp., 171 F.3d 1065, 1068 (6th Cir. 1999). The Court should draw all justifiable inferences in favor of the non-moving party and it should not determine credibility or weigh evidence. Id. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis original). "There is no genuine issue of material fact when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" Williams v. Leatherwood, 258 Fed. Appx. 817, 820 (6th Cir. 2007) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

DISCUSSION

*The Nature of Plaintiff's Causes of Action*

Under § 523(a)(2)(A), a debtor shall not be discharged from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by— false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or

an insider's financial condition[.]" Plaintiff has specified that it is relying only on the false pretenses provision. "'False pretenses' for purposes of Section 523(a)(2)(A) then may be defined as conscious deceptive or misleading conduct calculated to obtain, or deprive another of, property. It is the practice of any scam, scheme, subterfuge, artifice, deceit or chicane in the accomplishment of an unlawful objective." Rakich v. Jagiello, 2013 WL 4068166 at *7 (Bankr. E.D. Mich. 2013) (quoting In re Kovler, 249 B.R. 238, 261 (Bankr. S.D. N.Y. 2000)). It requires a showing of reliance, materiality, and intent. In re Hermoyian, 466 B.R. 348, 379 (Bankr. E.D. Mich. 2012). "A false pretense has been defined to include a 'mute charade,' where the debtor's conduct is designed to convey an impression without oral representation." Id. at 377 (quoting Schafer v. Rapp (In re Rapp), 375 B.R. 421, 433 (Bankr. S.D. Ohio 2007)).

Plaintiff's Complaint repeatedly alleges statements and omissions by Defendant with regard to Summit's insolvency and its inability to pay the outstanding debt. Comp. ¶¶ 13, 16-18, 20, 23. It does not explicitly allege that Defendant engaged in false pretenses by way of promissory fraud, which is defined as "A promise to perform made when the promisor had no intention of performing the promise." Black's Law Dictionary (9th ed. 2009). Essentially, Plaintiff now argues that Defendant committed false pretenses by engaging in promissory fraud both when the sales contract was initially formed and when Summit accepted delivery. It takes a somewhat liberal reading of the Complaint to find an allegation of promissory fraud that is separate from and in addition to the "inability to pay" allegation. However, the Court concludes that such an inference is appropriate because (a) shortly after Plaintiff filed the Complaint, it specified an allegation that Summit had no intent to pay, both at the time it issued the purchase order and when it accepted delivery, see Pl. Memo. Opposition Def.'s Mot. Dismiss Adv. Pro., dkt. 7 at 6; and (b) this reading is justifiable in light of the above-noted principle that inferences are to be

drawn in favor of the non-moving party. It should be noted that, by definition, promissory fraud arises at the inception of a promise. If Plaintiff is to have a claim that Defendant engaged in promissory fraud by accepting delivery of the equipment (separate from the claim that Defendant engaged in promissory fraud upon forming the contract), it will have to prove that separate false promises were made upon delivery.

*The Insolvency Allegation and "Other Than a Statement Respecting the Debtor's or an Insider's Financial Condition"*

As noted, § 523(a)(2)(A) does not apply to "a statement respecting the debtor's or an insider's financial condition[.]" Instead, a nondischargeability action based on such statements must be brought under § 523(a)(2)(B), which requires that such a statement be in writing. Plaintiff's Complaint does not allege § 523(a)(2)(B) because, admittedly, there was no written representation. Defendant argues that Plaintiff's allegations are futile because they are clearly respecting Defendant's financial condition or the financial condition of Summit, which is an insider of Defendant pursuant to § 101(31)(A)(iv). See In re Bren, 284 B.R. 681, 695 (Bankr. D. Minn. 2002) (debtor's failure to disclose his precarious financial situation and that of his closely-held corporation excluded from the purview of § 523(a)(2)(A)); In re Alexander, 2012 WL 2994840 at *13-14 (Bankr. D. Mass. 2012) (similar facts). The Court interprets the term "statement" as contained in § 523(a)(2)(A) to also encompass an omission. See In re Jacobs, 460 B.R. 149, 157-58 (Bankr. E.D. Mich. 2011) (various misrepresentations, including intentional concealment of facts, were respecting financial condition). Therefore, insofar as Plaintiff's Complaint alleges false pretenses solely for Defendant's failure to disclose Summit's purported insolvency at any point in time, such is not actionable under § 523(a)(2)(A). That aspect of Plaintiff's claims will not be addressed further.

As noted, the Court deems Plaintiff's Complaint to also include an allegation of false pretenses by way of promissory fraud that is separate from and additional to the insolvency allegation. This promissory fraud allegation is conceptually akin to In re Rembert, 141 F.3d 277, 281 (6th Cir. 1998), in which that court held that a debtor's use of a credit entails a representation of the intent to repay. Notably, the mere inability to repay the debt at the time it is incurred is not actionable under § 523(a)(2)(A), which is justified because inability to pay at a given time is generally the reason why a party buys on credit. Id. at 281. The subjective intent should be determined by the totality of the circumstances and has been described as being "extremely difficult to establish." Id. at 282. One of the many helpful factors in determining the subjective intent is the debtor's financial condition at the time the charges were made. Id. "[W]here a debtor is substantially insolvent at the time of the alleged fraudulent transaction, fraudulent intent is not to be presumed, but instead, a court must still look to whether additional circumstances exist concerning whether the debtor, at the time the obligation was incurred, intended to pay the debt." In re Stephens, 302 B.R. 218, 224 (Bankr. N.D. Ohio 2003). The promissory fraud allegation, while to be distinguished from "a statement respecting the debtor's or an insider's financial condition," must be determined by a fact-intensive inquiry. For those reasons, summary judgment is not appropriate on this ground.

*The Legal Duty Owed*

Defendant argued that summary judgment is appropriate because Plaintiff cannot show Defendant owed it any duty to disclose Summit's alleged insolvency. See In re Gunner, 2013 WL 6628629 (Bankr. E.D. Mich. 2013) (summary judgment granted as to § 523(a)(2)(A) silent fraud claim because no duty was owed). However, as stated, Plaintiff's allegations have been refined to promissory fraud only. The allegation now is that Defendant caused Summit to make

promises without any intent to perform. It would not be difficult to find a fundamental legal duty to avoid making a sham promise with no intent to perform. See Skyline Products, Inc. v. Posen Const., Inc., 430 F. App'x 485, 492 n.3 (6th Cir. 2011) (every contract imposes obligation of good faith). For those reasons, summary judgment is not appropriate on this ground.

*Defendant's Individual Liability*

Defendant argues that Plaintiff has no claim against Defendant individually, but rather, the claim is against Summit, of which Defendant was the principal officer. Defendant stresses that Plaintiff's Complaint does not employ theories of alter ego or piercing the corporate veil. Plaintiff argues that such theories are not necessary for its success against Defendant. In addition to piercing the corporate veil, Michigan law provides that "when corporate officials participate individually in fraudulent or tortious conduct, they may be held personally responsible, regardless of whether they are acting on their own behalf or on behalf of the corporation." Olympic Forest Products, Ltd. v. Cooper, 148 F. App'x 260, 263 (6th Cir. 2005) (citing Attorney General v. Ankersen, 148 Mich. App. 524 (1986)). If Plaintiff proves its case, this principle is sufficient to at least provide a legal and factual basis for Defendant's personal liability on the debt.

Defendant also argues that he did not personally benefit from the transaction and that he did not obtain money, property, or credit from the alleged false pretenses. Plaintiff counters that because Summit substantially benefited from the transaction, Defendant benefitted as well because Defendant personally guaranteed Summit's debts. Plaintiff also alleges that an audit of Summit's financial condition indicates that despite Summit's insolvency, Defendant directed Summit to lend Defendant $87,000 beyond his compensation and benefits. These arguments raise genuine issues of material fact as to Defendant's benefit from the alleged conduct.

*Justifiable Reliance*

Defendant argues that Plaintiff did not justifiably rely on Defendant's acts or omissions. Essentially, Defendant contends that Plaintiff took an ordinary business risk by extending unsecured credit and lost money because Summit went out of business. A determination of justifiable reliance is ordinarily a fact-intensive inquiry regarding state of mind and is often based on circumstantial evidence. Summary judgment is also inappropriate on this ground.

## Conclusion

Defendant's motion for summary judgment is denied and the Court will be entering an appropriate order.

**Signed on April 15, 2014**

                                            **/s/ Walter Shapero**
                                    **Walter Shapero**
                                    **United States Bankruptcy Judge**